IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00121-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 9 2006

GREGORY C. LANGHAM
CLERK

MELVIN KEITH WILLIAMS,

  Plaintiff,

v.

STATE OF COLORADO, et al.,
COLO. DEPT. OF CORRECTIONS,
DEPT OF PAROLE AND ADULT SUPERVISION,
JENINE MILLER,
CHRISTINE MOSCHETTI,
JAMES FITZPATRICK, and
MATT COOPER,

  Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff Melvin Keith Williams currently is held at the Denver County Jail in Denver, Colorado. On January 11, 2006, Plaintiff submitted a Prisoner Complaint to the Court. The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Plaintiff alleges that he was subjected to unlawful incarceration when he was held thirty-six days past his mandatory release date and was not allowed to self-revoke after pleading guilty to a misdemeanor charge. Plaintiff seeks money damages.

Plaintiff must allege personal participation by all named Defendants. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, Defendants State of Colorado, Colorado Department of Corrections, and Department of Parole and Adult Supervision are not properly named parties to the action. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir.

1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **see Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. **See Higganbotham v. Okla. Tramsp. Com'n**, 328 F.3d 638, 644 (10th Cir. 2003).

Therefore, Plaintiff will be directed to amend the Complaint, if he desires to pursue his claims, and assert as named Defendants the individuals who personally participated in the claims he asserts. Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails to file, **within thirty days from the date of this Order,** an original and sufficient copies of an Amended Complaint that complies with this Order the action will be dismissed without further notice.

DATED March 9, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00121-BNB

Melvin Keith Williams
Prisoner No. 1428217
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/9/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk