IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00121-MSK-PAC

MELVIN KEITH WILLIAMS,

      Plaintiff,

v.

CHRISTINE MOSCHETTI, and
MATT COOPER,

      Defendants.

## ORDER DISMISSING CLAIMS AND
## DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on an Order to Show Cause Why Claims Should Not Be Dismissed **(#32)** based upon the Plaintiff's failure to keep the Court informed of his mailing address in accordance with D.C.COLO.LCivR 10.1(M) and 41.1. The Order to Show Cause was mailed to the Plaintiff at his last known address but was returned to the Court as undeliverable. The Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in January 2006. His last filing in this case occurred on September 8, 2006. On October 19, 2006, an Order **(#30)** was mailed to the Plaintiff at his last known address. That Order was returned to the Court as undeliverable **(#31)** with the notations "released," "cannot locate," and "unable to forward." The Court therefore issued an Order **(#32)** directing the Plaintiff to show cause why his claims should not be dismissed for his failure to keep the Court informed of his mailing address. That Order was also returned to the Court as undeliverable **(#33)** with the same notations. The Plaintiff failed to show cause as

directed by the Order.

As a *pro se* litigant, the Plaintiff is required to comply with all rules of this Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Plaintiff failed to comply with D.C.COLO.LCivR 10.1(M), which requires a party to notify the Court of a change of address within 10 days of any such change.

Pursuant to D.C.COLO.LCivR 41.1, the Court may dismiss the Plaintiff's claims for his failure to comply with Local Rule 10.1(M). In determining whether the sanction of dismissal is appropriate, the Court considers the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the prejudice to the Defendants; (2) the extent to which the Plaintiff's conduct interfered with the judicial process; (3) the Plaintiff's culpability; (4) whether the Court warned the Plaintiff that dismissal was a possible sanction for his conduct; and (5) whether a lesser sanction would have any efficacy.

These factors favor dismissal. The Plaintiff's failure to inform the Court of his mailing address has interfered with any further judicial process in this case. The Court attempted to warn him of the consequences of dismissal, but the warning did not reach him because of his own conduct. Nothing short of a dismissal, without prejudice, will have any impact.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims are **DISMISSED**, without prejudice, and the Clerk of Court is directed to close this case.

Dated this 20th day of November, 2006

                                      **BY THE COURT:**

                                      Marcia S. Krieger
                                      United States District Judge